**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ROGER WAYNE HAVENS**                                                         **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO.  3:19-CV-870-KHJ-LGI**

**CENTRAL MISSISSIPPI
CORRECITONAL FACILTY, et al.**                                     **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the Motion for Summary Judgment filed by Mississippi Department of Corrections ("MDOC") Defendants Commissioner Pelicia Hall, Superintendent Ron King, Captain Alvin Washington, Captain Evera Bates, Deputy Warden Vivian Frazier, Lieutenant Tanya Burks, and Medical Director Dr. Gloria Perry. MDOC Defendants assert that summary judgment is proper because Plaintiff failed to exhaust the remedies that were available to him through MDOC's Administrative Remedy Program before filing suit.  MDOC Defendants also contend that Plaintiff's individual capacity claims are foreclosed by qualified immunity and his official capacity claims fail as a matter of law.  The docket in this cause reflects that Plaintiff has submitted a response to the summary judgment motion filed by Centurion Defendants concerning the allegations in his Complaint, but he has failed to file a written response to the instant motion regarding the assertions set forth by MDOC Defendants.  The undersigned has nevertheless considered Plaintiff's responses in their entirety to the extent relevant and responsive to the instant motion. After a thorough review of the

voluminous medical and administrative records, Plaintiff's sworn testimony, and the applicable law, the Court finds as follows:

The facts are detailed in the memorandum briefs and pleadings filed by both parties and will not be repeated in depth herein. Seeking recovery under 42 U.S.C. § 1983, Plaintiff alleges numerous constitutional and other violations, including failure-to-protect and excessive force claims. The crux of his Complaint, however, concerns the alleged actions or inactions of the various named defendants after he injured himself jumping from a moving sheriff's vehicle. Plaintiff alleges that his ability to get physical therapy has been impeded since he underwent surgery in January 2018. Specifically, Plaintiff alleges that MDOC Defendants were deliberately indifferent to his medical needs and safety as follows: Defendant Burks refused to provide an inmate or guard to push him in his wheelchair to his various medical appointments; Defendant Bates moved him to a housing zone prone to gang activity where he was assaulted by other inmates, instead of a zone more suitable for disabled inmates; Defendant Washington verbally abused, choked, and dumped him from his wheelchair; and Defendants Hall, Perry, King and Frazier failed to respond to his complaints concerning his medical treatment and/or classification.

In his prayer for relief, Plaintiff seeks approximately one million dollars in damages, and requests that he be placed in housing suitable for persons with disabilities. He also requests that he not be retaliated against for filing this Complaint.

## Standard of Review

MDOC Defendants move for summary judgment on exhaustion and sovereign and qualified immunity grounds. Summary judgment is only appropriate where there is no genuine issue as to any material fact and the Defendants are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56 (c). All the undisputed facts, and any inferences that may be drawn from those facts, must be viewed in the light most favorable to the non-moving party. The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Discussion

As a threshold matter, Defendant Washington concedes that he is not entitled to summary judgment on the excessive force claims on the current record but wishes to reserve the right to move for dismissal on this ground in the future. The undersigned agrees and limits the discussion herein to only those claims for which summary judgment consideration is appropriate.

## Exhaustion

MDOC Defendants contend that the allegations against them are unexhausted because Plaintiff's administrative grievances failed to give them "fair notice" of the allegations against them. The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

3

administrative remedies as are available are exhausted." Exhaustion is no longer left to the discretion of the district court but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement will not be excused when an inmate fails to timely or properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so even if the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

The law also requires that prison officials be provided fair notice of a prisoner's specific complaints, as well as the "time and opportunity to address [the] complaints internally." *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004). "[F]or many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem." *Id.* at 522.[1] However, exhaustion is not *per se* inadequate merely because a prison official sued in an § 1983 action was not named in the administrative grievance. *Jones v. Bock*, 549 U.S. at 218. Rather, the prison's grievance procedure controls, and that procedure may require the prisoner to reference a particular official*. Id. See also Marsalis v. Cain*, Civil Action No. 12-0799, 2014 WL 51215 (M.D. La. Jan. 7, 2014) (claims not raised "and/or were only alluded to so minimally as to be insufficient to provide fair notice to prison officials of

---

[1] However, the undersigned is mindful that the "primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Herschberger v. Lumpkin*, 843 F. App'x 587, 591 (5th Cir. 2021) (citing *Johnson,* 385 F.3d at 522).

4

the plaintiff's specific complaints. . ." were unexhausted; no specific mention of defendant made in grievance).  This means that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

      The MDOC has implemented an Administrative Remedy Program statewide in all prisons under the authority of Miss. Code Ann. § 47-5-801. The two-step process requires that an inmate submit a written grievance to the Legal Claims Adjudicator at the prison within 30 days of the incident. If the adjudicator accepts the ARP, it is forwarded to the appropriate official, and that official issues a First Step Response.  If unsatisfied, the inmate may continue to the Second Step by using Form ARP-2 and sending it to the Legal Claims Administrator, utilizing the manila envelope furnished with the Step One response. A final decision will be made by the Superintendent, Warden, or Community Corrections Director.  Although the MDOC program has no specific requirement that the individual prison official be named, the inmate is required to present as many facts as possible and answer all the questions "who, what, when, where, and how concerning the incident." (See the ARP, Chapter III, IV. Procedures D.)  MDOC's program therefore effectively requires that all officials involved be named or at least referenced by description. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (a grievance specifically complaining of a beating by one guard did not suffice to exhaust a failure to protect claim against another guard not mentioned in the grievance but who stood by and watched).

The evidence of record confirms that Plaintiff has not met the exhaustion threshold regarding his claims against MDOC Defendants Hall, Perry, King, Frazier, Bates and Burkes.  As to the allegations against Defendant Bates, MDOC officials note, and the record confirms, that the relevant administrative grievances do not name or otherwise reference Defendant Bates as the offending official who failed to protect him, nor do they include the claims alleged against her in the instant Complaint.  Likewise, though Plaintiff's ARP records reference a need for a wheelchair, none of them name or otherwise reference Defendant Burks or assert that she failed to procure someone to push him to medical appointments.  Lastly, as to MDOC Defendants Hall, Perry, King, and Frazier, Plaintiff's administrative history fails to reflect any administrative grievances concerning their lack of response or alleged indifference to Plaintiff's health or safety.

The undersigned is mindful that Plaintiff has exhausted multiple administrative grievances concerning his access to medical care and other conditions of confinement, belying his claims that MDOC officials have impeded his ability to exhaust.[2]  The administrative record, in fact, reflects that the claims against Defendant Washington are fully exhausted, and notably, Defendant Washington does not contend otherwise.  However, by failing to provide MDOC Defendants Bates, Burks, Perry, King, Hall and

---

[2] When "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies.  *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e., where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review."  *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62).  If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

Frazier fair notice of the claims raised in his Complaint, Plaintiff has failed to exhaust his administrative remedies as to those claims. Out of an abundance of caution, however, the undersigned submits that even if the Court were to find that Plaintiff's administrative grievances sufficiently alerted these MDOC Defendants of their involvement with respect to the allegations of his Complaint, these MDOC Defendants are entitled to summary judgment on sovereign and qualified immunity grounds as further set forth below.

## Sovereign Immunity

Private citizens are precluded by the Eleventh Amendment "from bringing suit against a state in federal court unless the state consents." *Salinas v. Tex. Workforce Comm'n*, 573 Fed. App'x 370, 372 (5th Cir. 2014) (quoting *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 980 (5th Cir. 1986)). Like the states themselves, state officials and agencies are protected from suits by the doctrine of sovereign immunity. *Corn v. Mississippi Department of Public Safety*, 954 F.3d 268, 274 (5th Cir. 2020); *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015). This prohibition bars official-capacity claims for money damages against prison officials, as well. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir.2002). Because MDOC is an arm of the State of Mississippi, MDOC officials acting in their official capacity are also cloaked in Eleventh Amendment Immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). MDOC Defendants are therefore entitled to sovereign immunity on Plaintiff's claims for damages against them in their official capacity.

There is a narrow exception to Eleventh Amendment immunity for violations of federal law against state officers in their official capacity, however. *See Ex Parte*

7

*Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).  The relief sought must not only be "declaratory or injunctive in nature and prospective in effect," *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir.1998), but there must be an ongoing violation.  A violation that occurred "at one time or over a period of time in the past" is insufficient.  *Papasan v. Allain*, 478 U.S. 265, 277, 106 S.Ct. 2932, 92 L.Ed.2d 209−78 (1986).  "In other words, Plaintiff must show "that [MDOC Defendants are currently] violating federal law, not simply that the defendant[s] ha[ve] done so." *Corn v. Mississippi Department of Public Safety*, 954 F.3d 268, 275–76 (5th Cir. 2020) (quoting *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (emphasis in original)).  As set further set forth herein, Plaintiff has not met this showing here.[3]

## Qualified Immunity

MDOC Defendants' immunity in their official capacities does not preclude liability in their individual capacities, however. *Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr,* 518 U.S. 668, 672 (1996).  They are only protected from liability if the principle of qualified immunity applies.  Even then, each official "is only liable for his or her own misconduct." *Ashcroft v. Iqpal*, 556 U.S. 662, 677 (2009).  As the Fifth Circuit recently reiterated, the goal of qualified immunity "is to harmonize the need to hold public officials accountable when they exercise power irresponsibly with the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The defense protects all but the plainly incompetent or those who

---

[3] Plaintiff acknowledged, in fact, at the omnibus hearing that he was happy with current housing assignment and no longer wanted to be moved.

8

knowingly violate the law." *Rombach v. Culpepper*, 2021 WL 2944809, at *3 (5th Cir. 2021) (internal quotation marks and citations omitted).

The test for qualified immunity is well-established: "(1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in light of the clearly established law at the time of the incident." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir.1998). Plaintiff has the burden of rebutting the defense, and if he fails to satisfy either prong, the defendant prevails. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (granting the lower courts permission to evaluate either prong of the qualified immunity analysis first). If the Court finds that there was no constitutional violation, the Court need not address the second part of the test. *Marks v. Hudson*, 933 F.3d 481, 483 (5th Cir. 2019); *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013). Drawing all reasonable inferences in favor of Plaintiff in this case, the undersigned submits that Plaintiff has failed to allege sufficient facts to overcome the qualified immunity defense.

It is clearly established that deliberate indifference to a serious medical need "may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104–05 (1976). To overcome a qualified immunity defense on a deliberate indifference claim, a plaintiff must show that the prison official knew the inmate faced a substantial risk of bodily harm and disregarded that risk "by failing to take reasonable measures to abate

9

it." *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019) (citation omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Mere negligence, even gross negligence, is insufficient. *Stewart v. Guzman*, No. 13-10139, 2014 WL 644544 (5th Cir. Feb. 20, 2014) (unpublished).

On the contrary, "[a]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Walker v. Howard,* 517 F.App'x 236, 237 (5th Cir. 2013) (unpublished) (quotation omitted). To prevail, a prisoner must show that "prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (internal quotation marks and citation omitted). In defense, prison officials may show that they did not know of the indications of substantial danger and, therefore, were unaware of the danger, or that they knew the indications, but believed that the risk involved was "insubstantial or nonexistent," or that they "responded reasonably to the risk, even if the harm ultimately was not adverted." *Farmer*, 511 U.S. at 844-45.

MDOC Defendants Bates, Burks, Hall, King, Frazier, Perry and King do not contest that a prison official's deliberate indifference to a serious medical need or safety is a violation of clearly established law; rather, they maintain that the evidence is either insufficient to show their personal involvement in an Eighth Amendment violation or

10

inadequate to overcome a qualified immunity defense. The undersigned agrees and addresses the individual capacity claims against each MDOC Defendant in turn.

### Defendant Burks

With regard to Defendant Burks, the evidence of record does not present a material fact issue for deliberate indifference. As noted *supra*, Plaintiff claims that Defendant Burks was deliberately indifferent to his medical needs because she failed to procure someone to push him to his medical appointments. However, as Defendant Burks points out, Plaintiff does not identify any specific procedure or appointment that she prevented him from attending, nor shown that it caused him physical harm. Even accepting Plaintiff's broad and conclusory allegations as true, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Rombach*, 2021 WL 2944809, at *6 (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020). Further, the evidence of record reflects that Plaintiff still received regular medical treatment with no serious risk to his health from February 2018 through November 2019. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir.1995) (citing *Mendoza v. Lynaugh,* 989 F.2d 191, 193–95 (5th Cir.1993).

### Defendant Bates

As to Plaintiff's allegation against Defendant Bates that he was improperly classified because he was not assigned to a disability unit, an inmate generally has no constitutional right to a particular classification or housing at a particular institution

during incarceration.  *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (prisoner has no protectable interest in custodial classification and disagreement with classification is insufficient to establish a constitutional violation).  Most relevant here, Plaintiff advised that he was happy with his current housing assignment and had no complaints at the omnibus hearing.

## Supervisory Defendants

MDOC Defendants Hall, Perry, King and Frazier are not liable based on their supervisory role.   Plaintiff asserts that he wrote to Commissioner Hall, Superintendent Ron King, Deputy Warden Vivian Frazier, and MDOC Medical Director, Dr. Gloria Perry, but he received no response and/or they took no action.  To the extent Plaintiff asserts that these defendants are liable based on their supervisory role, a "supervisor is not personally liable for his subordinate's actions in which he had no involvement." *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008).  Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior.  On the contrary, a plaintiff must plead that each government-official defendant, through the official's own individual actions, violated his constitutional rights by (1) "personal involvement in the acts causing the deprivation of a person's constitutional rights" or by (2) implementing "a policy so deficient that the policy itself acts as a deprivation of constitutional rights." *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).  Without personal involvement or participation in an alleged constitutional violation, there is no viable claim against these MDOC Defendants on this

basis. To the extent Plaintiff alleges that these Defendants are liable because they failed to respond or investigate his claims, neither rises to the level of a constitutional violation under the facts as presented by the plaintiff. *See Dehghani v. Vogelgesang,* 226 F. App'x. 404, 406 (5th Cir. 2007) (citing *Geiger v. Jowers,* 404 F.3d 371, 373–374 (5th Cir. 2005)); see *also Mayes v. Valdez*, Civil Action No. 3:15CV3424 M-BH, 2017 WL 4075184, at *7 (N.D. Tex. Aug. 21, 2017) ("a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability") (collecting cases).

Based on this summary judgment record, the actions of MDOC Defendants Bates, Burks, King, Perry, Hall, and Frazier do not constitute "deliberate indifference" to Plaintiff's "serious medical needs," *Estelle*, 429 U.S. at 104, 97 S.Ct. 285, and thus do not rise to an "unnecessary and wanton infliction of pain" cognizable under the Eighth Amendment, *Hope*, 536 U.S. 730, 737 (2002) . Qualified immunity shields them from liability for the claims asserted against them.

### Defendant Washington

Likewise, though Plaintiff's excessive force claim remains viable against Defendant Washington, his claims concerning verbal harassment do not rise to the level of a constitutional violation. *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.1983). "Mere words are not sufficient to support a Section 1983 claim." *Orange v. Ellis*, 348 F. App'x. 69, 72, 2009 WL 3294787, at *2 (5th Cir. 2009). Defendant Washington is therefore entitled to summary judgment on this claim.

For all the reasons stated herein, the undersigned hereby recommends that summary judgment be granted in favor of MDOC Defendants Bates, Burks, King, Hall, Frazier, and Perry. The undersigned additionally recommends that summary judgment be granted in favor of Defendant Washington on the verbal harassment claim, but the excessive force claim be allowed to proceed at this time.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this Report and Recommendation within 14 days after being served with a copy shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on August 10, 2021.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE