UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROGER WAYNE HAVENS					PLAINTIFF

v.					CIVIL ACTION NO. 3:19-CV-870-KHJ-LGI

CENTRAL MISSISSIPPI
CORRECTIONAL FACILITY, et al.					DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Reports and Recommendations [89], [90] of United States Magistrate Judge LaKeysha Greer Isaac. The first Report recommends that this Court grant the Motion for Summary Judgment [74] for Mississippi Department of Corrections ("MDOC") Defendants Captain Evera Bates, Lieutenant Tanya Burks, Superintendent Ron King, Commissioner Pelicia Hall, Deputy Warden Vivian Frazier, and Medical Director Dr. Gloria Perry. The Report also recommends that summary judgment be granted for Defendant Captain Alvin Washington on Havens' verbal harassment claim but allow Havens' excessive force claim against him to proceed. Written objections to the Report were due by August 24, 2021.

The second Report recommends that this Court grant the Motion for Summary Judgment [64] for Centurion Defendants Dr. William Brazier, Medical Site Administrator Sandra Lampkin, and Nurses Christina Charczenko, Robert King, Nina Waltzer, and Adrea B. Zarich. Written objections to the Report were due

by August 30, 2021. Both Reports notified the parties that failure to file written objections to the findings and recommendations contained therein by that date would bar further appeal in accordance with 28 U.S.C. § 636. [89] at 14; [90] at 11–12. No parties filed written objections, and the time to do so has passed.

When no party objects to a magistrate judge's report and recommendation, the Court need not review it de novo. 28 U.S.C. § 636(b)(1). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Havens sued Defendants in their official and individual capacities under 42 U.S.C. § 1983, alleging Defendants violated the Eighth and Fourteenth Amendments by failing to provide him with adequate medical care and subjecting him to cruel and unusual punishment. Complaint [1] at 4. Specifically, Havens alleges that prison officials, guards, doctors, and nurses prevented him from receiving adequate medical care with deliberate indifference by lying about scheduling appointments, providing him with pain medication only once per day instead of three times per day, harassing him when he went to the clinic, and not giving him rides to the clinic. *Id.* at 6–16. He also alleges that Defendant Washington assaulted him by choking him and dumping him from his wheelchair. *Id.* at 6, 16.

In her first Report addressing Havens' claims against the MDOC Defendants, the Magistrate Judge found that Havens failed to exhaust his administrative remedies for his claims against Defendants Bates, Burks, Perry, King, Hall, and

Frazier. [89] at 6–7. The Magistrate Judge found Havens did not make the requisite showing for the *Ex Parte Young* exception to sovereign immunity to apply to his claims against Defendants in their official capacities. *Id.* at 8 (citing *Ex Parte Young*, 209 U.S. 123, 128 (1908)). She also recommends Defendant Bates is entitled to qualified immunity because he did not violate Havens' constitutional rights by not assigning him to a disability unit, *id.* at 11–12; Defendant Burks is entitled to qualified immunity because the "record does not present a material fact issue for deliberate indifference," *id.* at 11; Defendants Hall, King, Frazier, and Perry are entitled to qualified immunity because the record does not present evidence that they can be liable for their supervisory roles, *id.* at 12–13; and Defendant Washington is entitled to qualified immunity on Havens' claim of verbal harassment because it does not "rise to the level of a constitutional violation." *Id.* at 13. The Magistrate Judge recommends, however, that Havens' excessive force claim against Defendant Washington "remains viable." *Id.*

In her second Report addressing the Centurion Defendants, the Magistrate Judge recommends that Defendant Lampkin is entitled to summary judgment because "[t]he evidence simply does not support [Havens'] contention that [she] engaged in the 'malicious denial of medical treatment,' or . . . falsified records or lied about scheduling his physical therapy appointments," [90] at 7; Defendant Dr. Brazier is entitled to summary judgment because he did not treat Havens' medical needs with deliberate indifference, *id.* at 7–8; and the remaining Centurion Defendants are entitled to summary judgment because "the records show extensive

3

medical treatment during the relevant time period, undermining [Havens'] allegations that Centurion Defendants were deliberately indifferent to his medical needs." *Id*. at 9. Finally, the Report recommends granting summary judgment to the Centurion Defendants on Havens' claim that he was erroneously charged a co-pay for medical treatment. *Id*. at 10.

  This Court finds no clear error, abuse of discretion, or conclusions contrary to law in the Magistrate Judge's report. There being no submission of written objections by any party, the Court adopts the Reports and Recommendations [89], [90] as the Order of this Court. Accordingly, the Centurion Defendants' Motion for Summary Judgment [64] is GRANTED. The MDOC Defendants' Motion for Summary Judgment [74] is GRANTED IN PART except on Havens' excessive force claim against Defendant Washington. Therefore, all claims against all Defendants are dismissed except for the excessive force claim against Defendant Washington.

  SO ORDERED, this the 1st day of September, 2021.

               s/ *Kristi H. Johnson*
               UNITED STATES DISTRICT JUDGE